**Garry WILHITE, Appellant,**

v.

**GLAZER'S WHOLESALE DRUG COMPANY, INC./GLAZER FAMILY OF COMPANIES, Appellee.**

No. 05–08–01587–CV.

Court of Appeals of Texas, Dallas.

Feb. 26, 2010.

---

Ronnie D. Wilson, Attorney at Law, Richardson, TX, for Appellant.

Michael V. Abcarian, Fisher & Phillips, LLP, Dallas, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellant Garry Wilhite appeals from the trial court's order granting summary judgment in favor of appellee Glazer's Wholesale Drug Company, Inc./Glazer Family of Companies ("Glazer") and dismissing Wilhite's claims against Glazer. We affirm the trial court's judgment.

### BACKGROUND

Wilhite was employed by Freixenet, U.S.A., Inc., a company that supplies certain alcohol products to Glazer, an alcohol distributor. During his employment with Freixenet, Wilhite was assigned exclusively to the Glazer account. Wilhite gave a presentation to Glazer employees and accompanied a Glazer employee on a ride-along to visit customers. Glazer's human resource department later received complaints from Glazer employees about allegedly inappropriate comments Wilhite made during the presentation and the ride-along. Glazer reported the comments to Freixenet's human resource department and asked that Wilhite be removed from the

Glazer account. Shortly thereafter, Freixenet terminated Wilhite's employment.

Alleging that Glazer falsely accused him of sexual harassment, and that the false accusation caused his employment to be terminated by Freixenet and rendered him unemployable, Wilhite sued Glazer asserting claims for defamation, tortious interference with existing or prospective contractual relationships, and intentional infliction of emotional distress. Glazer moved for summary judgment on each claim asserting multiple grounds for traditional summary judgment under Texas Rule of Civil Procedure 166a(c), and asserting multiple grounds for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i). Wilhite filed a response to Glazer's motion and objections to some of Glazer's summary-judgment evidence. The trial court held a hearing on Glazer's motion and Wilhite's evidentiary objections. After the hearing, the trial court signed an order sustaining some of Wilhite's evidentiary objections. The trial court also signed an order granting Glazer's motion for summary judgment and dismissing Wilhite's claims with prejudice. The trial court's summary-judgment order does not state the basis for the trial court's ruling.

## APPLICABLE LAW

When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds

upon which summary judgment could have been granted. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex.App.-Dallas 2009, pet. denied). If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground. *See id.; see also Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex.App.-Dallas 2005, no pet.) ("[A] reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.").

## ANALYSIS

In this appeal, Wilhite argues that the trial court erred in overruling some of his objections to Glazer's summary-judgment evidence. Wilhite also argues that Glazer's reply brief in support of its motion for summary judgment was untimely filed. But Wilhite does not provide argument negating each of Glazer's grounds for summary judgment. For example, Glazer moved for traditional summary judgment under rule 166a(c) on Wilhite's defamation and tortious-interference claims on the ground that Glazer established its affirmative defense of qualified privilege as a matter of law. On appeal, Wilhite does not address or provide any argument to negate this possible ground for summary judgment. As a result, we must affirm the trial court's summary judgment dismissing Wilhite's defamation and tortious-interference claims on this unchallenged ground. *See Jarvis*, 298 S.W.3d at 313. Likewise, Glazer moved for no-evidence summary judgment under rule 166a(i) on Wilhite's claim for intentional infliction of emotional distress on the ground that Wilhite had no evidence of severe emotional distress. And on appeal, Wilhite does not address or provide any argument to negate this possible ground for summary judgment. As a

result, we must affirm the trial court's summary judgment dismissing Wilhite's claim for intentional infliction of emotional distress on this unchallenged ground. *See id.*

We do not need to address Wilhite's arguments concerning his evidentiary objections because our resolution of Wilhite's evidentiary objections would not change the disposition of this appeal. TEX.R.APP. P. 47.1.

### CONCLUSION

We affirm the trial court's judgment.