**Affirmed; Opinion Filed August 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00812-CV

### ZZ&Z PROPERTIES, LTD., Appellant

### V.

### ZCC-ZPL JV, LLP, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-07222**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

This is a construction defect case on appeal from an order granting ZCC-ZPL JV, LLP's

amended motion for summary judgment against ZZ&Z Properties, Ltd. In January 2001, ZZ&Z

contracted with ZCC-ZPL for the construction of an apartment complex in Waco, Texas. ZZ&Z

asserted it discovered in June 2010 that ZCC-ZPL's and its subcontractors' installation of the

water barrier system behind the exterior walls of the buildings was defective and substandard.

Then, ZZ&Z sued ZCC-ZPL in June 2011 for negligence, breach of express warranty under the

contract, and breach of implied warranty of good and workmanlike performance and habitability.

ZCC-ZPL moved for summary judgment on grounds that (1) the statute of limitations barred the

claims; (2) the economic loss rule precluded the negligence claim; and (3) ZZ&Z failed to give

notice of the breach of express warranty, a required element of that cause of action.[1] ZZ&Z responded its claims were not barred because the discovery rule tolled limitations, but did not address the economic loss rule or lack of notice grounds on which ZCC-ZPL sought summary judgment. The trial court granted summary judgment in favor of ZCC-ZPL and dismissed ZZ&Z's claims without stating a basis.[2]

In two issues, ZZ&Z asserts the trial court's summary judgment should be reversed because (1) the "discovery rule" tolled the applicable statute of limitations for its claims; and, (2) the trial court erred in overruling its objections to, and denying its alternative motion to redact, certain summary judgment evidence filed by ZCC-ZPL. At oral argument, ZZ&Z clarified the scope of its issues, stating it was arguing its issues only as to the breach of contract claim. It explained it agreed with the argument in ZCC-ZPL's appellate brief that it did not address, in either its response to the motion for summary judgment or its own appellate brief, the assertion that the economic loss rule precluded the claim, and therefore, the summary judgment as to the negligence claim should be affirmed. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we limit our review of the summary judgment to the breach of express warranty claim and affirm.

## I. BACKGROUND[3]

The apartment complex, consisting of 216 units in twenty-seven wood-framed buildings with exterior stucco walls, was built in 2001 and became occupied in 2002. Within a year of

---

[1] *See Paragon Gen. Contractors, Inc. v. Larco Constr.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.) (elements of breach of warranty claim are "(1) the defendant sold services to the plaintiff (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury.").

[2] The trial court dismissed even ZZ&Z's implied warranty claims, even though ZCC-ZPL did not seek summary judgment as to those claims. In doing so, the trial court granted more relief than requested. *See Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 122 (Tex. App.—Dallas 2009, pet. denied). However, ZZ&Z does not complain of the breadth of the trial court's order.

[3] We recite the facts in accordance with the standard requiring an appellate court, when reviewing a summary judgment, to take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

occupancy, the structure began experiencing "actual physical damage as a result of water-moisture intrusion into the apartment." Specifically, residents began reporting water damage and mold near windows. In deposition testimony, Jeff Zidell, a limited partner of ZZ&Z and the apartment complex property supervisor, stated he initially believed the problems were due to improperly manufactured or installed windows, and sealing the windows seemed to resolve the problem. However, in June 2010, after three years of progressively worsening damage throughout the complex, he retained an engineer who inspected the structure using "infrared imagery and thermal scans," and learned the damage was caused by the lack of a water moisture barrier system.

## II. SUMMARY JUDGMENT

Although ZCC-ZPL asserted it was entitled to summary judgment as to ZZ&Z's breach of express warranty claim because the statute of limitations barred the claim and ZZ&Z failed to give the required notice, ZZ&Z challenges only the former. Specifically, in its first issue, ZZ&Z asserts the trial court erred "in holding, as a matter of law, that the 'discovery rule' did not apply in this case" and its breach of express warranty cause of action was barred by the statute of limitations.

### A. Standard of Review

An appellate court reviews a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A traditional summary judgment must show no genuine issue of a material fact exists and, therefore, the moving party is entitled to judgment as a matter of law. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 831 (Tex. App.—Dallas 2014, no pet.) (citing TEX. R. CIV. P. 166a(c)). For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Id.* at 831. If the movant meets its burden, then the burden shifts to the nonmovant to

–3–

present evidence raising a fact issue. *Id.* On appeal, when multiple grounds for summary judgment are raised and the trial court does not specify the ground(s) upon which it relied for its ruling, the appealing party must show that none of the grounds raised in the motion is sufficient to support the judgment. *Id.* If the appealing party fails to challenge each ground on which summary judgment could have been granted, the appellate court will uphold the summary judgment on the unchallenged ground. *Id.* at 832.

### B. Application of Law to Facts

We do not reach the merits of ZZ&Z's claim that the discovery rule tolled limitations. Because ZZ&Z failed to challenge the summary judgment based on ZCC-ZPL's claim that notice was not given, we must affirm the summary judgment on this ground. *Id.*; *see also*, *e.g.*, *Jarvis*, 298 S.W.3d at 314 (affirming summary judgment in favor of defendant on plaintiff's trespass claim where plaintiff failed to challenge each possible ground asserted in defendant's summary judgment motion); *Wilhite v. Glazer's Wholesale Drug Co., Inc.*, 306 S.W.3d 952, 954 (Tex. App.—Dallas 2010, no pet.) (affirming summary judgment dismissing plaintiff's defamation and tortious interference claim on unchallenged ground that defendant established its affirmative defense of qualified privilege as a matter of law).

### III. OBJECTION TO SUMMARY JUDGMENT EVIDENCE

Because our resolution of ZZ&Z's complaint in its second issue regarding certain summary judgment evidence filed by ZCC-ZPL would not change the disposition of this appeal, we do not address ZZ&Z's second issue. *See* TEX. R. APP. P. 47.1.

### IV. CONCLUSION

We affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

140812F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZZ&Z PROPERTIES, LTD., Appellant

No. 05-14-00812-CV          V.

ZCC-ZPL JV, LLP, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-07222.
Opinion delivered by Justice Lang. Justices Bridges and Schenck participating.

     In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

     We **ORDER** appellee ZCC-ZPL JV, LLP recover its costs of this appeal from appellant ZZ&Z Properties, Ltd.

Judgment entered this 12th  day of August, 2015.