# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00522-CV

**Michael W. Schuetz and Jamie K. Schuetz, Appellants**

**v.**

**Source One Mortgage Services Corporation; Mortgage Electronic Registration Systems, Inc.; CitiMortgage, Inc.; Barrett Daffin Frappier Turner & Engle; Robert Ferguson, and Barbara Ferguson, Appellees**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C2013-1445C, HONORABLE DIB WALDRIP, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Michael and Jamie Schuetz filed suit against appellees, Source One Mortgage Services Corporation, Mortgage Electronic Registration Systems, Inc. (MERS), CitiMortgage, Inc., Barrett Daffin Frappier Turner & Engle (Barrett Daffin), and Robert and Barbara Ferguson, asserting a variety of claims arising from the nonjudicial foreclosure of residential property. The Schuetzes appeal from a final summary judgment granted in favor of the appellees. For the reasons that follow, we will affirm the trial court's final order and judgment.

## BACKGROUND

The Schuetzes purchased residential property located in Comal County in July 1998. To finance the purchase, they signed a promissory note (the Note) payable to the lender, First Guaranty Financial Corporation. Concurrently with their signing of the Note, the Schuetzes signed

a deed of trust that secured performance of the Note with the property. The deed of trust states that "the covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower." That same day, First Guaranty assigned its interests in the Note and in the deed of trust to Source One, and the Schuetzes acknowledged the assignment of the mortgage servicing rights to Source One. Following a series of subsequent assignments, in 2009 CitiMortgage acquired all rights under the deed of trust.

The Schuetzes defaulted on the Note three times between 2002 and 2011, and were provided loan modifications on each occasion. The Schuetzes defaulted a fourth time on the Note in December 2011. In July 2012, CitiMortgage entered into a payment forbearance plan with the Schuetzes, but the Schuetzes failed to make the required payments. In May 2013, Barrett Daffin, acting as CitiMortgage's attorneys, sent the Schuetzes a notice of acceleration and a notice of substitute trustee's sale. The Schuetzes did not pay the outstanding debt, and CitiMortgage foreclosed on the property in June 2013. The property was purchased by the Fergusons.

The Schuetzes filed suit against CitiMortgage, MERS, Source Once, Barrett Daffin, and the Fergusons. With respect to CitiMortgage, MERS, and the Fergusons, the Schuetzes claimed that the foreclosure sale was void and that the substitute trustee's deed should be set aside because (1) CitiMortgage did not have the authority to initiate the foreclosure proceedings, and (2) CitiMortgage failed to comply with a HUD regulation requiring that lenders have a face-to-face meeting with borrowers at least 30 days prior to foreclosure. *See* 24 C.F.R. § 203.604(b), (c). With respect to Barrett Daffin, the Schuetzes claimed that the firm's attorneys violated the Texas Deceptive Trade Practices Act (DTPA), *see* Tex. Bus. & Com. Code § 17.50, the Finance Code,

2

*see* Tex. Fin. Code §§ 392.301, .304 (prohibited debt-collection methods), and section 12.002 of the Texas Civil Practice and Remedies Code, *see* Tex. Civ. Prac. & Rem. Code § 12.002 (liability related to fraudulent court record or lien).

The Fergusons moved for summary judgment on grounds that there was no evidence to support any of the claims against them. Subsequently, CitiMortgage and MERS, collectively, filed a traditional motion for summary judgment and a no-evidence motion for summary judgment on the Schuetzes' claims. Finally, Barrett Daffin moved for summary judgment, citing both traditional and no-evidence grounds. After the Schuetzes filed responses to the various motions, the trial court granted the appellees' respective motions for summary judgment, without specifying the grounds upon which it was relying, and rendered final judgment that the Schuetzes take nothing on their claims. The Schuetzes filed a motion for new trial, which was overruled by operation of law. This appeal followed. In six issues, the Schuetzes challenge the trial court's summary judgment in favor of CitiMortgage, MERS, and Barrett Daffin.[1]

## STANDARD OF REVIEW

We review the trial court's rulings on motions for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the traditional summary-judgment standard. *Binur v. Jacobo*, 135

---

[1] The Schuetzes filed a motion for partial summary judgment on its claim that CitiMortgage failed to conduct a face-to-face meeting prior to foreclosure, *see* 24 C.F.R. § 203.604(b), (c), and the trial court denied the motion. On appeal, the Schuetzes do not challenge the denial of their motion for partial summary judgment. The Schuetzes also do not challenge the trial court's grant of summary judgment in favor of the Fergusons.

3

S.W.3d 646, 650 (Tex. 2004). When a party files both a traditional and no-evidence motion for summary judgment and the order does not specify which motion was granted, we typically first review the propriety of the summary judgment under the no-evidence standard. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If we determine that the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *Id.* However, in the interest of efficiency, we may review a summary judgment under the traditional standard of Rule 166a(c) first, if the application of that standard would be dispositive. *Melendez v. Citimortgage, Inc.*, No. 03-14-00029-CV, 2015 WL 5781103, at *3 (Tex. App.—Austin Oct. 2, 2015, pet. denied) (mem. op.); *see also* Tex. R. App. P. 47.1.

A no-evidence summary judgment is properly granted when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Merriman,* 407 S.W.3d at 248 (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). "Thus, a no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch*, 118 S.W.3d at 751. "More than a scintilla of evidence exists where the evidence, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

A movant is entitled to traditional summary judgment if the movant demonstrates that (1) there is no genuine issue as to any material fact and (2) the movant is entitled to judgment

4

as a matter of law. Tex. R. Civ. P. 166a(c). A party moving for traditional summary judgment on an opposing party's claims must conclusively negate at least one element of each of the nonmovant's claims or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When the trial court does not specify the grounds for granting the motion, as is the case here, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 261 (Tex. 2003).

## DISCUSSION

### *Summary judgment in favor of CitiMortgage and MERS*

In their first and second issues, the Schuetzes assert that the trial court erred in granting summary judgment on their claim that the foreclosure was void because CitiMortgage failed to comply with a HUD regulation that requires a face-to-face meeting at least thirty days prior to foreclosure.[2] *See* 24 C.F.R. § 203.604(b)-(c). CitiMortgage and MERS do not dispute that a face-to-face meeting prior to foreclosure did not occur. Instead, in their motion for summary judgment,

---

[2] "The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . ." 24 C.F.R. § 203.604(b). A face-to-face meeting is not required if: (1) [t]he mortgagor does not reside in the mortgaged property, (2) [t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) [t]he mortgagor has clearly indicated that he will not cooperate in the interview, (4) [a] repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) [a] reasonable effort to arrange a meeting is unsuccessful." *Id*. § 203.604(c).

CitiMortgage and MERS assert that the Schuetzes' attempt to unwind the foreclosure sale based on a violation of the cited HUD regulation fails as a matter of law because the regulation does not create a private right of action and that, even if it does, it does not apply here because CitiMortgage meets an exception to the regulatory requirement. *See id*. at § 203.604(c)(2) (face-to-face meeting not required if "the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either").

As numerous courts have observed, regulations promulgated by HUD under the National Housing Act govern relations between the mortgagee and the federal government. *See Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008) (mem. op.) (citing cases); *see also Lindsey v. JP Morgan Chase Bank Nat'l Ass'n*, No. 3:12-CV-4535-M-(BH), 2013 WL 2896897, at *7 (N.D. Tex. June 13, 2013) (order) ("With respect to the National Housing Act . . . and the corresponding HUD regulations, courts in this Circuit have found that their objective is not to provide mortgagors with a private remedy for a mortgagee's 'failure to follow,' but that they 'deal only with the relations between the mortgagee and the [federal] government.'"). Consequently, a mortgagor does not have a private right of action for a mortgagee's failure to comply with HUD regulations. *Mitchell*, 2008 WL 623395, at *3; *see also Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-861-SS, 2014 WL 5685113, at *6 (W.D. Tex. Nov. 4, 2014) (order) (holding that there is no private cause of action based on failure to comply with HUD regulation requiring face-to-face interview); *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *5 (Tex. App.—Fort Worth May 19, 2011, no pet.)

6

(mem. op.).[3] This is true even when HUD regulations are incorporated into a deed of trust. *Hornbuckle*, 2011 WL 1901975, at *5 (concluding that appellant "has no private right of action regarding any alleged failure by appellees to follow HUD regulations, even those incorporated in the deed of trust"). To the extent that the Schuetzes base their claims against CitiMortgage and MERS on alleged violations of HUD regulations, we conclude that the trial court did not err in granting summary judgment.[4] We overrule the Schuetzes' first and second issues on appeal.

In their third issue, the Schuetzes assert that the trial court erred in granting summary judgment on their claim that the foreclosure was void because CitiMortgage failed to establish as a matter of law that it had the authority to foreclose on the property. Specifically, the Shuetzes contend that the summary-judgment record "reveal[s] a nine-year gap in the chain of title" that rendered the foreclosure improper.

In support of their motion for summary judgment, CitiMortgage and MERS included copies of the following documents:

---

[3] Although not binding on this court, federal authority is particularly persuasive here, "as much home mortgage litigation in Texas is being tried in the federal courts." *Robeson v. Mortgage Elec. Registration Sys., Inc.*, No. 02-10-00227-CV, 2012 WL 42965, at *4 n.4 (Tex. App.—Fort Worth, Jan. 5, 2012, pet. denied) (mem. op.).

[4] In their second issue on appeal, the Schuetzes claim that the trial court erred in granting summary judgment on their claim that CitiMortgage failed to comply with HUD's requirement for a pre-foreclosure meeting because CitiMortgage and MERS failed to conclusively establish that CitiMortgage falls within an exception to the regulation. *See* 24 C.F.R. § 203.604(c)(2). Because we affirm the trial court's summary judgment on the ground that the Schuetzes do not have a private right of action for the asserted regulatory violation, we need not decide this issue. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 261 (Tex. 2003) (when trial court order does not specify the grounds for summary judgment, appellate court must affirm summary judgment if any theories preserved for appeal are meritorious); *see also* Tex. R. App. P. 47.1.

7

(1)     the Note, signed by the Schuetzes as borrowers and dated July 23, 1998. The Note is payable to First Guaranty, and endorsed by First Guaranty to Source One;

(2)     the deed of trust signed by the Schuetzes, dated July 24, 1998, identifying the Note and naming First Guaranty as the beneficiary;

(3)     an assignment, signed by First Guaranty on July 23, 1998, in which First Guaranty "transfers, assigns, grants and conveys unto Source One Mortgage Services Corporation the [Schuetzes' Note], together with all liens and any superior title";

(4)     the "Notice of Assignment, Sale or Transfer of Serving Rights" from First Guaranty to Source One, effective July 23, 1998. The Notice informs the Schuetzes that "the servicing of [their] mortgage loan, that is, the right to collect payments" has been assigned to Source One. The Notice was signed by the Schuetzes on July 24, 1998;

(5)     an "Assignment of Deed of Trust" from "White Mountains Services Corporation, fka Source One Mortgage Services Corporation" to MERS, dated March 23, 2000; and

(6)     an "Assignment of Note and Deed of Trust" from MERS to CitiMortgage, dated January 1, 2009.

Under Chapter 51 of the Texas Property Code, which governs nonjudicial foreclosure sales, foreclosure proceedings may be initiated by a "mortgagee" or a "mortgage servicer." *See* Tex. Prop. Code §§ 51.0025, .75; *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The summary-judgment evidence presented by CitMortgage and MERS is sufficient to establish that CitiMortgage was the last assignee of record receiving rights to enforce the deed of trust on the property and that, as a result, CitiMortgage was a "mortgagee" under Chapter 51. *See* Tex. Prop. Code § 51.0001(4) (defining "mortgagee" as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or

8

(C) if the security instrument has been assigned of record, the last person to whom the security interest has been assigned of record"). Thus, this summary-judgment evidence establishes that CitiMortgage had the authority to initiate the foreclosure proceedings against the Schuetzes. *See Melendez,* 2015 WL 5781103, at *4 (explaining that similar summary-judgment evidence established appellee's status as "mortgagee" and put burden on appellants to refute status).

In response, the Schuetzes did not submit any summary-judgment evidence refuting the validity of the assignments of the deed of trust. Moreover, on appeal, the Schuetzes do not directly dispute that CitiMortgage was the last assignee of record and a "mortgagee" under section 51.0001(4) of the Texas Property Code. Instead, the Schuetzes contend that CitiMortgage and MERS's summary-judgment evidence is insufficient to establish CitiMortgage's right to foreclose on the property as a matter of law because "MERS lacked the authority to assign the deed of trust [to CitiMortgage] since MERS does not and cannot own a loan or a deed of trust." According to the Schuetzes, there was gap in the chain of title during the nine-year period in which MERS was assigned the loan and, because MERS lacked legal authority to assign the deed of trust, the assignment from MERS to CitiMortgage is void.

Although not entirely clear, the Schuetzes' challenge to the assignment of the deed of trust from MERS to CitiMortgage appears to be based on the premise that MERS lacks the legal capacity to obtain or, in turn, transfer rights under a promissory note. MERS is an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in and servicing rights to mortgage loans. *See Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *7 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.). The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale.

9

*Hornbuckle*, 2011 WL 1901975, at * 3. MERS qualifies as a "book entry system," as defined in the Texas Property Code and, consequently, is included within the definition of "mortgagee" under Texas law.[5] *See* Tex. Prop. Code § 51.0001(4); *Martins v. BAC Homes Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). As a result, when MERS was assigned all "beneficial interest under [the deed of trust on the Schuetzes' property]," it was entitled to foreclose on the property as a "mortgagee" up until the time it assigned its rights to initiate foreclosure to CitiMortgage. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (holding that MERS's assignee was "mortgagee" under section 51.0001(4) and was "appropriate party to initiate non-judicial foreclosure actions").

Further, the Schuetzes' allegation that MERS did not and cannot hold an ownership interest in the Schuetzes' note is irrelevant. There is no provision in the Texas Property Code requiring a foreclosing party to prove its status as holder or owner of the note. Rather, it is well established that "a deed of trust may be enforced by the mortgagee, regardless of whether the mortgagee also holds the note." *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (quoting *Lowery v. Bank of Am., N.A.*, No. 04-12-00729-CV, 2013 WL 5762227, at *2 (Tex. App.—San Antonio Oct. 23, 2013, no pet.)); *Bierwerth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at * 3 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) (explaining that right to foreclose under deed of trust is independent of right to personal action against borrower for collection of note); *Mortgage Elec. Registration Sys., Inc.*

---

[5] "Book entry system" is defined as "a national book entry system for registering beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." Tex. Prop. Code § 51.001(1).

*v. Khyber Holdings, L.L.C.*, No. 01-11-00045-CV, 2012 WL 3228717, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no pet.) (mem. op.).  Because CitiMortgage and MERS's summary-judgment evidence establishes CitiMortgage's authority to foreclose on the property as a "mortgagee," we overrule the Schuetzes' third issue on appeal.

Finally, in their sixth issue on appeal, the Schuetzes complain that the trial court failed to exclude portions of the summary-judgment evidence presented by CitiMortgage and MERS because, according to the Schuetzes, it does not constitute competent summary-judgment evidence.

In their response to CitiMortgage and MERS's motion for summary judgment, the Schuetzes included a motion to strike summary-judgment evidence.  First, the Schuetzes sought to strike statements made by Travis Nurse, a business operations analyst and custodian of records for CitiMortgage, in his declaration supporting CitiMortgage and MERS's motion for summary judgment.  *See* Tex. Civ. Prac. & Rem. Code § 132.001 (use of unsworn declaration "in lieu of . . . affidavit").  Specifically, the Schuetzes moved to strike Nurse's statements that (1) "Source One, whose name had changed to White Mountains Service Corporation ("White Mountains") assigned the Deed of Trust to [MERS]" and (2) "[o]n March 23, 1999, CMI, then known as Citicorp Mortgage, Inc., acquired all of the mortgage-banking related assets of Source One, including the servicing rights to [the Schuetzes'] Loan."  According to the Schuetzes, Nurse's declaration fails to establish that Nurse had personal knowledge of the Source One name change or of the acquisition of Source One's assets.  In addition, the Schuetzes objected to the admission of certain documents attached to the affidavit of John Ellis, an attorney representing CitiMortgage, on the ground that the documents were hearsay.  *See* Tex. R. Evid. 801 (definition of hearsay).  Like Nurse's statements,

11

these documents demonstrate that in 1999 CitiMortgage acquired substantially all of Source One's mortgage-banking related assets, including the servicing rights to the Note.

In the summary-judgment context, a non-movant must obtain a ruling on an objection to the form of a summary-judgment motion or supporting evidence to preserve the issue for appellate review. *See* Tex. R. App. P. 33.1(a)(2); *Colvin v. Texas Dow Emps. Credit Union*, No. 01-11-00342-CV, 2012 WL 5544950, at *4 (Tex. App.—Houston [1st Dist.] Nov. 15, 2012, no pet.) (mem. op.) (stating that objection and express ruling on objections to form of affidavit are necessary to preserve complaint on appeal and noting that objections to lack of personal knowledge and hearsay were objections to form); *but see Dailey v. Albertson's Inc.*, 83 S.W.3d 222, 226-27 (Tex. App.—El Paso 2002, no pet.) (noting conflict of authority on issue of whether lack of personal knowledge in affidavit is defect of form or substance, which may be raised on appeal for first time). Although the Schuetzes presented their objections to CitiMortgage and MERS's summary-judgment evidence in a motion to strike, there is nothing in the record indicating that the Schuetzes ever obtained a ruling on their objections. However, even assuming without deciding that the Schuetzes have preserved their evidentiary complaints for appeal and that the trial court erred in failing to strike the challenged summary-judgment evidence, we conclude that any such error by the trial court is harmless in light of other unchallenged summary-judgment evidence establishing CitiMortgage's status as a "mortgagee," as outlined above. *See* Tex. R. App. P. 44.1(a) (judgment will not be reversed based on error of law unless appellate court concludes error probably caused rendition of improper judgment). The Schuetzes' sixth issue on appeal is overruled. We affirm the trial court's grant of summary judgment in favor of CitiMortgage and MERS.

12

***Summary judgment in favor of Barrett Daffin***

In their fourth and fifth issues, the Schuetzes assert that the trial court erred in granting summary judgment on their claim that Barrett Daffin (1) violated the DTPA by virtue of a "tie-in" statute, section 392.404 of the Texas Finance Code, and (2) violated section 12.002 of the Texas Civil Practice and Remedies Code. In its combined motion for traditional summary judgment and motion for no-evidence summary judgment, Barrett Daffin asserts that the Schuetzes' claims are barred as a matter of law on three grounds: (1) Barrett Daffin established that it is entitled to the affirmative defense of attorney immunity; (2) the Schuetzes cannot establish that they are "consumers" under the DTPA, a threshold requirement under the Act; and (3) the Schuetzes cannot produce legally sufficient evidence that Barrett Daffin engaged in any false, misleading, or deceptive acts actionable under the DTPA or that Barrett Daffin filed fraudulent documents under section 12.002 of the Texas Civil Practice and Remedies Code.

When the trial court does not specify the basis for its summary judgment, as in this case, the appellant must attack all independent bases or grounds that support the judgment. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.) (appellant must attack all independent bases or grounds that fully support complained-of ruling or judgment). The appellant must negate all possible grounds on which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds on which the summary judgment could have been granted. *Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2015 WL 5096710, at * 4 (Tex. App.—Austin Aug. 27, 2015, no pet.) (mem. op.) (citing *Wilhite v. Glazer's Wholesale Drug. Co.*, 306 S.W.3d 952, 954

13

(Tex. App.—Dallas 2010, no pet.)). When an appellant fails to challenge each possible ground for summary judgment, we must uphold the judgment on the unchallenged grounds. *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *see Berger v. Flores*, No. 03-12-00415-CV, 2015 WL 3654555, at *4 (Tex. App.—Austin June 12, 2015, no pet.) (mem. op.) (affirming summary judgment based on unchallenged ground).

In two issues on appeal, the Schuetzes assert that the trial court erred in granting summary judgment in favor of Barrett Daffin because "[a]ttorney immunity is not absolute" and, in this case, Barrett Daffin attorneys "conducted actions for years without being retained, actions that did not necessarily require the skill of an attorney." The Schuetzes also assert that they are not required to be "consumers," only "claimants," to prevail on their DTPA claim based on a tie-in statue and that, therefore, "the trial court should not have dismissed those claims as a matter of law." There can be no dispute that the Schuetzes have challenged the trial court's grant of summary judgment in favor of Barrett Daffin to the extent the court relied on grounds (1) and (2). The Schuetzes, however, have not raised an issue challenging the no-evidence grounds for summary judgment on its claims against Barrett Daffin or explained how the summary-judgment evidence raised fact issues as to particular elements of these claims. Consequently, we overrule the Schuetzes' fourth and fifth issues on appeal and affirm the summary judgment in favor of Barrett Daffin. *See Blizzard*, 2015 WL 5096710, at *4 (affirming summary judgment based on unchallenged no-evidence grounds).

14

**CONCLUSION**

Having overruled the Schuetzes' issues, we affirm the trial court's final order and judgment granting summary judgment in favor of CitiMortgage, MERS, and Barrett Daffin and dismissing the Schuetzes' claims.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   September 1, 2016