**Affirmed and Opinion Filed March 29, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01023-CV

## MICHELLE HERCZEG, Appellant
## V.
## CITY OF DALLAS, TEXAS, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-16429**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Appellant Michelle Herczeg appeals the dismissal of her discrimination lawsuit against appellee the City of Dallas. We affirm because Herczeg has not challenged all independent bases for the trial court's judgment.

## I.    Background

Herczeg alleged that she was a Dallas police officer who "suffered discrimination and retaliation because of her gender." She also alleged that she was subjected to a hostile work environment.

Herczeg sued the City under Chapter 21 of the Texas Labor Code.  After the City answered, she filed her first amended petition, which was her live pleading at the time of judgment.  In that pleading, she asserted four counts under Chapter 21 for (1) gender discrimination, (2) wrongful termination based on gender, (3) retaliation based on gender, and (4) aiding and abetting discrimination.

The City filed a plea to the jurisdiction based on immunity from suit.  The City raised multiple grounds in its plea.  Some grounds attacked the merits of Herczeg's claims, arguing that she could not establish that the City committed Chapter 21 violations for which the City's immunity was waived.  Other grounds asserted that (1) some of Herczeg's liability theories were time-barred because she did not timely present them to the Texas Workforce Commission and (2) all of Herczeg's remaining liability theories were barred because she failed to exhaust administrative remedies as to those theories.

Herczeg filed a response to the City's plea to the jurisdiction.

After a hearing, the trial judge signed an order granting the City's plea, and Herczeg appealed.

The City filed a document suggesting that Herczeg's appeal was untimely because the trial court's judgment did not dispose of all of Herczeg's claims, which would make the judgment interlocutory and thus make Herczeg's notice of appeal untimely.  *See* TEX. R. APP. P. 26.1(b) (deadline for notice of appeal in accelerated appeals).  At our request, Herczeg filed a jurisdictional brief.  After reviewing the

–2–

record, this Court issued an order concluding that the trial judge intended the order to be a final judgment granting the City's plea as to all of Herczeg's claims. Thus, Herczeg's notice of appeal was timely.

## II. Analysis

### A. Summary of the Arguments

Herczeg raises three issues on appeal. First, she argues that the trial court erred by granting the City's plea to the jurisdiction because the evidence raised numerous genuine issues of material fact. Second, she argues that the trial court erred by granting the City's plea because her expert witness's testimony created genuine issues of material fact. Third, she argues that the trial court erred by failing to sustain her objections to certain evidence filed by the City.

In its brief, the City argues, among other things, that we must affirm the judgment because Herczeg's brief did not address all independent grounds supporting the judgment. For example, the City argues that Herczeg's brief did not address the untimeliness and failure-to-exhaust grounds asserted in the City's plea.

In her reply brief, Herczeg disputes that she waived any issues in her opening brief and insists that she demonstrated reversible error. But neither her opening brief nor her reply brief addresses or even mentions the City's untimeliness and failure-to-exhaust grounds for dismissal.

## B. Applicable Law

It is a well-settled rule that an appellant must attack all independent bases or grounds that fully support a ruling or judgment. *See, e.g.*, *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.). This rule is a corollary of the harmless-error rule:

> If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.

*Id*. at 424; *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). The rule applies to a dismissal based on a plea to the jurisdiction. *See Douglas v. City of Kemp*, No. 05-14-00475-CV, 2015 WL 3561621, at *3 (Tex. App.—Dallas June 9, 2015, no pet.) (mem op.).

When the trial court's judgment does not specify the ground or grounds on which it is based, the appellant must attack all grounds the judgment could have been based on. *See Wilhite v. Glazer's Wholesale Drug Co., Inc.*, 306 S.W.3d 952, 954 (Tex. App.—Dallas 2010, no pet.). To carry its burden, an appellant may either (1) assert a separate issue challenging each possible ground for the judgment or (2) assert a general issue assailing the judgment and within that issue present argument defeating all possible grounds on which the judgment could be based. *See id*.

–4–

## C.      Applying the Law to the Facts

First, we agree with the City that the untimeliness and failure-to-exhaust-administrative-remedies grounds it raised in its plea to the jurisdiction are separate and independent from its grounds that Herczeg could not establish the elements of her Chapter 21 claims. *See Douglas*, 2015 WL 3561621, at \*3–4 (failure to exhaust administrative remedies was independent ground supporting judgment); *cf. Reliford v. BNSF Ry. Co.*, No. 02-09-00322-CV, 2011 WL 255795, at \*1 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (mem. op.) (statute of limitations was independent ground supporting judgment).  We also agree that the City's untimeliness and failure-to-exhaust grounds covered every liability theory that Herczeg asserted in her live petition.  Herczeg does not dispute these points.

Next, we agree with the City that the trial court's order did not specify the grounds on which it was granting the City's plea.  The order consists of thirty statements that the City's plea is granted or denied as to Herczeg's various claims and theories, and it allowed the trial judge to circle "GRANTED" or "DENIED" as appropriate.  Two representative examples follow:

GRANTED/DENIED as to Plaintiff's aiding and abetting discrimination claim.

GRANTED/DENIED as to Plaintiff's disparate treatment gender discrimination claim based on her purported "battle" for proper monetary compensation.

None of the trial court's rulings references a specific ground for the ruling. Accordingly, on appeal Herczeg must attack every ground the City asserted in its plea. *See Wilhite*, 306 S.W.3d at 954.

Finally, we conclude that Herczeg's opening appellate brief does not attack the City's untimeliness or failure-to-exhaust grounds for dismissal. The brief does not mention them by name, discuss their elements, or allude to them in any way. Although an appellant who has failed to challenge all independent grounds on appeal is not allowed to cure the defect in the reply brief, *Douglas*, 2015 WL 3561621, at *4, we also note that Herczeg has not attempted to do so here. Instead, her reply brief (1) invokes the general principle that an appellate court should reach the merits of an appeal whenever possible and (2) includes a footnote with a string citation to numerous cases, which we address below.

Herczeg cites *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211 (Tex. 2020) (per curiam), without explanation. In that case, we held that the appellants failed to challenge one of two independent grounds for the trial court's judgment, but the supreme court concluded that the two grounds were not actually independent but were inextricably intertwined. *Id*. at 214. Thus, we erred by holding that the appellant had omitted one of the two grounds from its brief. *Id*. at 215. In this case, by contrast, untimeliness and failure to exhaust administrative remedies are independent of the City's other grounds, which focused on the merits of Herczeg's claims. Thus, *St. John* is distinguishable.

Herczeg's other cases generally support the proposition that appellate courts should reach the merits whenever reasonably possible, but they are not similar enough to this case to be illuminating. *See, e.g.*, *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 480 (Tex. 2019); *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam). By contrast, the rule stated in *Oliphant Financial* and the other cases cited above is precisely on point. Herczeg did not challenge all independent grounds on which the trial court may have dismissed her case, so we must affirm. *See Oliphant Fin.*, 295 S.W.3d at 424; *see also State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (per curiam) (appellate court may not raise an argument sua sponte and reverse based on that argument).

## III. Disposition

We affirm the trial court's judgment.

/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

Schenck, J., dissenting.

191023F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHELLE HERCZEG, Appellant

No. 05-19-01023-CV     V.

CITY OF DALLAS, TEXAS,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-16429.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS, TEXAS recover its costs of this appeal from appellant MICHELLE HERCZEG.

Judgment entered March 29, 2021.