**OLIPHANT FINANCIAL LLC, Appellant,**

v.

**Estela ANGIANO a/k/a Estela Anguiano and Saturdino Fiscal a/k/a Satunrino Fiscal, Appellees.**

**No. 05–07–01443–CV.**

Court of Appeals of Texas, Dallas.

Aug. 28, 2009.

Rehearing Overruled Sept. 30, 2009.

Andrew E. Lemanski, Houston, TX, for Appellant.

Estela Angiano, Dallas, TX, pro se.

Before Justices BRIDGES, RICHTER, and FILLMORE.

## OPINION

Opinion By Justice RICHTER.

Oliphant Financial LLC appeals the trial court's dismissal of its breach of contract case. In two issues, Oliphant argues the trial court erred in denying its motion for default judgment and in dismissing the case for want of prosecution. We affirm.

## BACKGROUND

On March 19, 2007, Oliphant filed an original petition asserting that Estela Angiano and Saturdino Fiscal breached a contract by failing to honor a credit card agreement. The petition included a request for disclosures and request for ad-

missions. On March 21, 2007, the trial court sent Oliphant a notice advising that the case had been placed on the dismissal docket and would be dismissed on July 20, 2007 unless Oliphant took one of several alternative actions, one of which was to prove up a default judgement if no answer had been filed. Angiano and Fiscal failed to answer and on May 22, 2007, Oliphant moved for a default judgment. On June 6, 2007, the trial court notified Oliphant that the court would require a hearing because damages were unliquidated. A June 20, 2007 entry on the court's docket sheet states that a default judgment hearing was set for July 6, 2007. A July 6, 2007 docket sheet entry states that neither plaintiff nor defendant appeared for the hearing. A July 20, 2007 docket sheet entry shows what appears to be a name followed by the notation "set for hearing." On September 27, 2007, Oliphant moved for default judgment again. On October 5, 2007, the court dismissed the case without prejudice. The notice of dismissal stated that the case was dismissed for "failure to appear for a hearing or trial of which notice was had" and for "want of prosecution." This appeal followed.

## DISCUSSION

Oliphant argues that the trial court erred in denying its motion for default judgment and in dismissing the case for want of prosecution. We begin with Oliphant's argument that the case should not have been dismissed.

 Although Oliphant challenges the dismissal of the case for want of prosecution, it does not challenge the dismissal of the case for "failure to attend a trial or hearing of which notice was had." An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment. *Britton v. Tex. Dept. of Criminal Justice*, 95 S.W.3d

676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.). If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Britton*, 95 S.W.3d at 681.

■ Although the record establishes that Oliphant failed to appear for a hearing on the motion for default judgment, Oliphant does not challenge the trial court's dismissal on this ground. Rule 165a allows a trial court to dismiss a case sua sponte when a party seeking affirmative relief fails to appear for a hearing of which it has notice or when the case is not disposed of within the time standards promulgated by the supreme court. Tex.R. Civ. P. 165a(1), (2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Because Oliphant does not challenge the trial court's dismissal for its failure to appear and because the record supports the trial court's dismissal on this ground, we conclude that the trial court did not err in dismissing the case.

Having concluded that dismissal was appropriate, we need not reach Oliphant's remaining issue. *See* Tex.R.App. P. 47.1. The trial court's dismissal order is affirmed.