Opinion issued
June 7, 2012

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-00507-CV

———————————

TOMMY L. PARKER, Appellant

V.

RON
MCLAURIN, JESSE MENDEZ, AND VILSEN SALINAS, Appellees



 



 

On Appeal from the 165th
District Court

Harris County, Texas



Trial Court Case No. 2010-51822

 



 

 

MEMORANDUM
OPINION

          Tommy
L. Parker, appearing pro se, appeals the trial court’s dismissal of his suit
against appellees Ron McLaurin, Jesse Mendez, and Vilsen Salinas.  Parker
identifies four issues on appeal.  

          We
affirm.

Background Summary[1]

          In
1991, Ron McLaurin, a Texas attorney, represented
Tommy L. Parker in a legal malpractice suit in Lubbock County.  A judgment was rendered against Parker, in
1994, based on a directed verdict.  

          Parker
then sued McLaurin for legal malpractice in Lubbock
County.  In 1995, the case was tried to a jury, which found against Parker in favor of McLaurin.  The
Amarillo Court of Appeals affirmed the judgment.  

          In
1996, Parker filed a petition for bill of review in Lubbock County, naming McLaurin as the defendant and challenging the 1995 judgment
in favor of McLaurin. 
The trial court denied the bill-of-review petition and dismissed the
case.  The Amarillo Court of Appeals
affirmed the judgment.[2]  

          Parker
next filed suit against McLaurin in Dallas County and
added appellees Jesse Mendez and Vilsen Salinas as
defendants.  Parker non-suited the case
but later filed suit against appellees in Harris County.  Parker also non-suited that case.  

          Parker
re-filed the litigation in Lubbock County in 2000.  The case was later dismissed for want of
prosecution.  

          Parker
then filed suit against appellees in Tarrant County.  The case was transferred to Lubbock
County.  In 2006, the trial court in
Lubbock County granted appellees’ motion for summary judgment and signed an
order declaring Parker a vexatious litigant. 
The Amarillo Court of Appeals issued an opinion affirming both the trial
court’s summary judgment and the trial court’s order adjudicating Parker to be a
vexatious litigant.[3]  

          Parker
filed the instant suit in Harris County on August 18, 2010, again attempting to
re-litigate his legal malpractice claims against appellees and assailing the Lubbock
County order declaring him a vexatious litigant.  On March 8, 2011, the trial court signed an
order detailing the history of Parker’s litigation against appellees.  The trial court recognized that the district
court in Lubbock County had declared Parker to be a vexatious litigant and that
the court had signed a prefiling order prohibiting Parker
from filing new litigation in Texas state court unless he first obtained
permission from the local administrative judge. 


          The March
8, 2011 order also states that the Harris County district clerk had mistakenly
filed the instant suit without an order from the local administrative judge
permitting Parker to file this suit.  The
trial court stayed the litigation for 10 days to permit Parker to obtain the
permission of the local administrative judge to file the instant litigation.  The order provided that, if Parker did not
obtain permission within 10 days, Parker’s suit would be dismissed.  

          Pursuant
to the order, Parker sought permission from the local administrative judge of
Harris County to file the instant litigation. 
The judge denied the request on May 25, 2011.  The judge indicated he had determined that
Parker had been declared a vexatious litigant by the Lubbock County district
court in 2006 and that the Amarillo Court of Appeals had affirmed the order.  The local administrative judge also stated that
he had determined Parker was declared a vexatious litigant in 2001 by a
district court in Randall County.  In
denying Parker’s request to file the instant litigation, the local
administrative judge determined that the instant litigation is an attempt by
Parker “to challenge the judgment affirmed by the Amarillo Court of Appeals in
2007.”  The judge also determined that
Parker’s “current claims do not appear to have merit.”

          Detailing
the history of the litigation and referencing the local administrative judge’s written
denial, the trial court signed an order dismissing Parker’s suit on June 2, 2011.  The court expressly noted that Parker had
been declared a vexatious litigant in Lubbock County and in Randall County.  

          This
appeal followed.  Parker lists four
issues on appeal.

Permission to File
Litigation

          In
his first issue, Parker contends that “the trial court erred when it state[d]
that appellant did not ask, nor did he receive permission to file this
litigation.”  Parker is apparently referencing
a finding in the trial court’s March 8, 2011 order, which stayed the proceedings
and gave Parker 10 days to obtain permission from the local administrative
judge to file the litigation.  In the
order, the trial court found, inter alia, that Parker “has not asked for, nor
has he received permission from the local Administrative Judge of Harris County
to file this litigation.”  

          The
trial court also stated in its June 2, 2011 order dismissing appellant’s claims:
“On March 8, 2011, this Court issued an Order immediately staying all
proceeding[s] in the above case.  The
Court’s Order found that [Parker] had been previously adjudicated as a
vexatious litigant and had not asked for, nor received permission from the
local Administrative Judge of Harris County to file this litigation.”

          To
support his contention that he had, in fact, asked permission to file suit prior
to the March 8 order, Parker points to a letter addressed to the local
administrative judge and filed with the district clerk on August 18, 2010, the same day that Parker’s original petition
was filed.  

          Section
11.102 of the Civil Practice and Remedies Code provides that a local administrative judge
may grant a vexatious litigant permission to file suit if it appears to the
judge that the litigation has merit and has not been filed for the purposes of
harassment or delay.  Tex. Civ. Prac.
& Rem. Code Ann. § 11.102(a) (Vernon Supp. 2011).  Section
11.103(a) prohibits a clerk of a court from filing litigation presented
by a vexatious litigant subject to a prefiling order
under section 11.101, [4] unless the litigant
obtains an order from the local administrative judge permitting the filing.  See Tex.
Civ. Prac. & Rem. Code Ann.
§ 11.103(a) (Vernon Supp. 2011).  If
the clerk mistakenly files the litigation without an order from the local
administrative judge, any party may file with the clerk and serve on the plaintiff
and the other parties to the suit a notice stating that the plaintiff is a
vexatious litigant subject to a prefiling order.  Id. § 11.103(b). 
On the filing of the notice, the court is required to dismiss the suit
unless the plaintiff, within 10 days after the notice is filed, obtains an
order from the local administrative judge permitting the filing of the
litigation.  Id.

          It is undisputed that Parker had been
declared a vexatious litigant by two Texas courts and was subject to a prefiling order. 
Nothing in the record shows that Parker had requested or obtained the
permission of the local administrative judge before filing the litigation;
rather, Parker contemporaneously filed the request for permission with his
original petition, which the district clerk mistakenly accepted.  See id.


          Logically construed, the
statute requires that the request and the grant of permission must occur before
the litigation may be filed.  See id. 
Here, no request or grant of permission occurred before the district
clerk mistakenly filed the litigation.  Read in context of the proceedings, the trial
court was correct when it stated that Parker had not requested or obtained
permission to file the litigation when it was filed.  

          In
any event, the determinative factor under the statute is whether Parker
obtained the local administrative judge’s permission, not whether he merely requested
permission.  See id.; see also Tex.
Civ. Prac. & Rem. Code Ann. § 11.102.  Even if the trial court incorrectly found
that Parker had not previously requested permission, the trial court correctly
dismissed Parker’s suit because Parker did not obtain permission to file the
litigation.  To the contrary, his request
was expressly denied by the local administrative judge.  See id.
§ 11.103(b).  The trial court had no
discretion under the statute to do anything but dismiss the case.  See id.

Unchallenged Basis for Dismissal
Order

          We
construe Parker’s second, third, and fourth issues to be a collateral attack on
the order from the Lubbock district court adjudicating Parker to be a vexatious
litigant.  Parker challenges the trial
court’s orders and the local administrative judge’s denial of Parker’s request
to file the instant litigation on the ground that the orders are based on the
Lubbock County district court’s order adjudicating Parker to be a vexatious
litigant, which Parker claims is void.  Parker
asserts that the Lubbock County order is void because it arises from earlier judgments—rendered against Parker in suits
with appellees—which
he claims are void.  

          Without
determining the propriety of Parker’s arguments, we note that the trial court’s
order dismissing Parker’s suit, as well as the local administrative judge’s
denial of permission to file the litigation, rely on the Lubbock County district
court’s order and the Randall County
district court’s order declaring Parker to be a vexatious litigant.  Parker makes no argument why the trial court’s
order dismissing the instant litigation cannot be premised on the Randall
County order.  

          An
appellant seeking to reverse a trial court’s judgment must attack all
independent bases or grounds that fully support a complained-of ruling or
judgment.  Oliphant Fin. LLC v. Angiano, 295 S.W.3d 422,
423–24 (Tex. App.—Dallas 2009, no pet.); Britton v. Tex. Dep’t of Criminal Justice,
95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see Humphries v. Advanced Print Media, 339
S.W.3d 206, 207 (Tex. App.—Dallas 2011, no pet).  If an independent ground fully supports the
complained-of ruling or judgment, but the appellant assigns no error to that
independent ground, we must accept the validity of that unchallenged
independent ground.  Oliphant Fin. LLC, 295 S.W.3d at 424; see Britton, 95 S.W.3d at 681.  As a result, any error in the grounds actually
challenged on appeal is harmless because the unchallenged independent ground
fully supports the complained-of ruling or judgment.  Britton,
95 S.W.3d at 681. 
In short, an appellant’s failure to attack all independent grounds
supporting a judgment or ruling results in our affirming the judgment.  See id.  Because he does not challenge the dismissal
judgment on the ground that it cannot be based on the Randall County order
declaring him a vexatious litigant, we overrule Parker’s second, third, and
fourth issues.   

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Justices
Higley, Sharp, and Huddle.











[1]         Appellees have not filed a brief on
appeal.  When an appellee does not file a
brief, the appellate court may accept any factual statement made in appellant’s
brief as true, if supported by record references.  See
Tex. R. App. P. 38.1(g).

 





[2]
        See Parker v. McLaurin, No. 07-96-0316-CV, 1996 WL 709442 (Tex. App.—Amarillo Dec. 10, 1996, no
pet.) (not designated for publication).

 





[3]         See
Parker
v. McLaurin, No. 07-06-0472-CV, 2007 WL 1529684,
at *1 (Tex. App.—Amarillo
May 25, 2007, no pet.) (mem.
op.).





[4]         Section 11.101 of the vexatious litigant
statute allows a court to enter a prefiling order
prohibiting a plaintiff from filing, pro se, any new
lawsuit without leave of the local administrative judge.  See Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a) (Vernon Supp. 2011).