**Affirmed and Opinion Filed June 28, 2013**



In The
Court of Appeals
Fifth District of Texas at Dallas

_____

No. 05-11-01296-CV
_____

**AMY SELF, Appellant**
**V.**
**TINA KING AND ELIZABETH TUCKER, Appellees**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-1286-2010**

## MEMORANDUM OPINION

Before Justices FitzGerald and Lang-Miers[1]
Opinion by Justice FitzGerald

Appellant Amy Self sued appellees for personal injuries she allegedly sustained in an automobile accident. The trial judge put the case on a dismissal docket and ultimately dismissed the case. The trial judge then refused to rule on Self's motion to reinstate on the ground that her plenary power over the dismissal had expired. We conclude that the trial judge did have plenary power to rule on the motion to reinstate, and that the motion to reinstate was subsequently overruled by operation of law. Ultimately, we affirm the dismissal of Self's case.

---

[1] The Honorable Mary L. Murphy was on the panel and participated at the submission of this case. Due to her retirement from the Court on June 7, 2013, she did not participate in the issuance of this opinion. *See* Tex. R. App. P. 41.1(a), (b).

# I. BACKGROUND

Self filed her original petition against appellees Tina King and Elizabeth Tucker in May 2010. She alleged that Tucker negligently entrusted a car to King, and that King negligently and recklessly caused an auto accident in which Self was injured. Appellees answered. The judge set the case for trial on December 13, 2010.

The judge later granted a motion for continuance by appellees and reset the case for trial on March 21, 2011. On March 18, 2011, Self filed an agreed motion for continuance. On March 21, the trial judge signed an order in which she granted the motion. The record next contains a March 24, 2011 letter from the court to all counsel setting the case for trial on May 16, 2011, and instructing the parties to sign and return an enclosed scheduling order. The letter further advised, "If the discovery control plan and scheduling order is not received by 8:00 a.m. April 8, 2011, this matter may be placed on the court[']s dismissal docket." On April 7, 2011, an attorney for appellees filed a letter indicating that he was enclosing a proposed discovery control plan and scheduling order signed only by him. He explained that he had attempted unsuccessfully to confer with Self's counsel about the plan on three different days, so he was submitting the proposed order without the signature of Self's counsel.

Next, the record contains notices by the trial court and addressed to the parties' attorneys advising that the case was set for hearing at 10:00 a.m. on April 21, 2011, regarding whether the case should be dismissed for want of prosecution. The notices are dated April 8, 2011. On April 21, the judge signed an order of dismissal that stated as follows:

> The Court, having set this Cause for dismissal on April 21, 2011, and having found that neither Plaintiff nor her counsel have appeared, is of the opinion that said Cause should be dismissed with prejudice.
>
> IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that all claims in this lawsuit are hereby dismissed with prejudice. All costs of court are assessed against Plaintiff.

On July 15, 2011, Self filed a document captioned "Agreed Motion to Reinstate and Vacate Order of Dismissal." In that motion she averred she was not aware of the dismissal until June 18, and that neither she nor her attorney had received notice of "any setting or hearing or trial date." Self's attorney verified the motion. Appellees filed a response in which they asserted that the motion was not agreed. On August 17, 2011, the trial judge held a hearing on the motion to reinstate. The judge stated on the record that she did not believe she had jurisdiction to reinstate the case, and she accordingly declined to rule on the motion to reinstate. She further stated on the record that she would deny the motion to reinstate if she believed she had jurisdiction to do so. The judge never signed an order disposing of Self's motion to reinstate. Self filed her notice of appeal on September 15, 2011.

## II.   APPELLATE JURISDICTION

After oral argument we sent the parties a letter advising that we questioned our jurisdiction over this appeal because it appeared that Self's notice of appeal was not timely. *See* TEX. R. APP. P. 4.2(c); *Nedd–Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612 (Tex. App.— Dallas 2010, no pet.). Self filed a motion asking for an abatement of the appeal, and we granted the motion, abated the appeal, and ordered the trial judge to issue an order finding the date on which Self or her counsel first either received notice or acquired actual knowledge of the dismissal, pursuant to Texas Rule of Appellate Procedure 4.2(c). The trial judge complied, and we have received a supplemental clerk's record that contains the trial judge's order and fact finding. In an order signed May 1, 2013, the judge found that "June 18, 2011 is the date when the Plaintiff or her attorney first either received notice or acquired actual knowledge that the Dismissal Order in this cause was signed."

Thus, the appealable order in the case was the dismissal order signed on April 21, 2011. The judge's May 1, 2013 order establishes that Self and her attorney did not receive notice or

–3–

actual knowledge of the dismissal order until June 18, 2011, which was fifty-eight days after the dismissal order was signed. Thus, Self's appellate deadlines began to run on June 18, 2011. *See* TEX. R. APP. P. 4.2(a)(1). Self timely filed her motion to reinstate on July 15, 2011, which was within thirty days of June 18. This extended her deadline to file her notice of appeal to ninety days after June 18, or September 16. *See* TEX. R. APP. P. 26.1(a). Thus, Self's notice of appeal filed on September 15, 2011, was timely.

We have appellate jurisdiction over this appeal.

### III.   ANALYSIS

Self presents three issues on appeal. In her first issue, she argues that the trial judge erred by concluding that she lacked the power to determine whether Self's motion to reinstate was untimely. In her second issue, she argues that the trial judge erred by dismissing the case without proper notice to Self. In her third issue, Self argues that the trial judge erroneously concluded that evidence of mailing of a notice created an irrebuttable presumption that Self received that notice.

Based on the trial judge's recent fact finding, we agree with Self's first issue on appeal. The trial judge has now found that Self and her attorney did not receive notice or acquire actual knowledge of the dismissal until June 18, 2011. This extended Self's deadline to file a motion to reinstate until July 18, 2011. *See* TEX. R. CIV. P. 165a(3) (providing that motion to reinstate must be filed within thirty days of dismissal or "within the period provided by Rule 306a"); TEX. R. CIV. P. 306a(4) (providing for extensions of deadlines if party and its attorney receive notice of appealable order late). Accordingly, Self's motion to reinstate filed on July 15, 2011 was timely. The trial judge erred by concluding that she lacked plenary power to rule on Self's motion to reinstate.

In her second issue, Self argues that the trial judge abused her discretion by not granting her motion to reinstate. As previously stated, the trial judge did not sign an order deciding Self's motion to reinstate, believing she had no jurisdiction to do so. However, she stated on the record that she would have denied the motion to reinstate if she thought she had jurisdiction to do so. With the benefit of the trial judge's recent finding, we can determine that the motion to reinstate was effectively overruled by operation of law seventy-five days after June 18, 2011 by virtue of Texas Rules of Civil Procedure 165a and 306a. *See* TEX. R. CIV. P. 165a(3) (allowing seventy-five-day period to commence "as may be allowed by Rule 306a"); TEX. R. CIV. P. 306a(1), (4) (deferring commencement of postjudgment deadlines when party and attorney do not receive notice or acquire actual knowledge of judgment within twenty days after its signing). We can review Self's second issue as a challenge to the overruling of her motion by operation of law.

We conclude Self has not shown reversible error in her second issue on appeal because she does not address all possible grounds for the dismissal of her case. If a dismissal order does not state the grounds for the dismissal, a plaintiff seeking reinstatement must negate all possible grounds. *Hatcher v. TDCJ–Institutional Div.*, 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied); *Manning v. North*, 82 S.W.3d 706, 713 (Tex. App.—Amarillo 2002, no pet.); *see also Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.) ("An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment."). In this case, although the trial judge included a factual recital in the dismissal order that Self did not appear at the dismissal hearing, the order is silent as to the ground or grounds for the dismissal. The record shows that another possible reason for the dismissal—and the apparent reason the court set the case on the dismissal docket in the first place—was Self's previous noncompliance with the trial court's letter requiring all parties to participate in the submission of a discovery control plan and scheduling order on pain of

dismissal. Self did not address this possible ground for dismissal in her motion to reinstate or at the reinstatement hearing. Nor does she address it in her appellate brief, which is limited to an argument about the reason she did not appear at the dismissal hearing. Accordingly, she has not shown reversible error. *See Oliphant Fin. LLC*, 295 S.W.3d at 424 (stating that when appellant fails to challenge all independent grounds supporting the judgment, "we must accept the validity of that unchallenged independent ground," and any error identified by appellant is harmless).

In her third issue, Self argues that the trial judge erred by treating the presumption that Self's counsel received the mailed notices as irrebuttable. In light of our disposition of Self's first issue, it is unnecessary for us to address this issue.

## IV. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD

111296F.P05                                        JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMY SELF, Appellant

No. 05-11-01296-CV     V.

TINA KING and ELIZABETH TUCKER,
Appellees

On Appeal from the County Court at Law
No. 1, Collin County, Texas
Trial Court Cause No. 001-1286-2010.
Opinion delivered by Justice FitzGerald.
Justice Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees TINA KING and ELIZABETH TUCKER recover their costs of this appeal from appellant AMY SELF.

Judgment entered June 28, 2013

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE