**DISSENT; Opinion Filed August 31, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00982-CV

**WILLIAM D. SHEETZ, Appellant**
**V.**
**YOLANDA SLAUGHTER, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. 08-10401-A**

## DISSENTING OPINION
Before Justices Bridges, Lang-Miers, and Schenck
Dissenting Opinion by Justice Lang-Miers

Yolanda Slaughter sued attorney William Dean Sheetz alleging legal malpractice and various violations of the DTPA. Following a bench trial, the trial court found, among other things, that Sheetz committed numerous negligent acts and omissions in his representation of Slaughter, that his "negligent acts or omissions breached the duty" he owed to her, and that "[t]he breach proximately caused Slaughter's injury." The court concluded that Slaughter suffered damages "in the amount of $40,000.00" and that Sheetz was liable for those damages (less a credit paid by another defendant). The trial court rendered judgment in favor of Slaughter against Sheetz without stating whether the judgment was based on the legal malpractice claim, the DTPA violations, or both.

On appeal, Sheetz challenges the evidence to support the judgment with regard to the DTPA violations, but he does not challenge the findings and conclusions that support the

judgment with regard to Slaughter's claim for legal malpractice. When an appellant does not challenge the trial court's findings of fact, those findings are binding upon both the party and the appellate court. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also In re Estate of Miller*, 243 S.W.3d 831, 839 (Tex. App.—Dallas 2008, no pet.).

Additionally, when a judgment is supported by two independent grounds, but the appellant appeals only one of those grounds, "we must accept the validity of that unchallenged independent ground, and . . . any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.); *see also Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2003, no pet.). As our sister court explained, "This rule is based on the premise that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal." *Britton*, 95 S.W.3d at 681.

I would conclude that the trial court's findings of fact and conclusions of law support the trial court's judgment on the legal malpractice claim, and it was Sheetz's burden on appeal to attack every independent basis or ground that fully supports the judgment. But Sheetz does not challenge the legal malpractice claim on appeal; consequently, I would affirm the judgment on that unchallenged ground. *See Angiano*, 295 S.W.3d at 423–24; *Britton*, 95 S.W.3d at 681. Because the majority does not, I respectfully dissent.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140982DF.P05

–2–