# NO. 12-16-00210-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES CAMPBELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 415TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JAMES BRADLEY MORRISON,*<br>*APPELLEE* | § | *PARKER COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Campbell appeals from a take-nothing judgment in his lawsuit against James Bradley Morrison. In one issue, Campbell challenges the sufficiency of the evidence. We affirm.

### BACKGROUND

Campbell sued Morrison for negligence arising out of a vehicle collision. Morrison testified that, on the day of the collision, he was traveling in the left lane behind two other vehicles and was approaching a construction zone during rush hour traffic. He admitted not considering the recommended following distance and that there was no room for other vehicles to merge in front of him. When an eighteen-wheeler in front of the two vehicles stopped, traffic came to an immediate standstill and the two vehicles veered left into the grassy median. Morrison applied his truck's brakes and followed the two other vehicles into the median. He testified that traffic was very "tight" and busy and entering the right lane was not an option. When asked why he did not stop on the roadway, Morrison explained that

> It was so rapid what took place, it was just an instantaneous thought….I can't tell you an exact reason, but, maybe, I was assuming something was in the road right in front of them. I did see the truck, the eighteen-wheeler, up there. I did not want to chance contacting the back end of a truck.

He admitted veering left solely because the two other vehicles did so, but that he fully applied his brakes as he left the roadway and he felt he had no choice but to take evasive action in order to avoid a collision. He did not look left before following the other vehicles, but testified that he would have veered left even if he had looked. He testified that he was following the "normal speed of the traffic" on the day of the collision.

When Morrison veered left, he saw Campbell's motorcycle in the driver's side mirror. The motorcycle was approximately one car length behind him. Morrison testified that Campbell was on the shoulder. He believed that Campbell was traveling "rapidly" and that it was illegal to use the shoulder to overtake other vehicles. Once the motorcycle hit the grass, Campbell lost control. Morrison testified that Campbell collided with the driver's side of his truck. He did not believe that, at the time of impact, the rear of his truck had cleared the shoulder. He insisted that Campbell was not in his path when he veered left.

Campbell testified that, before the collision, he was traveling in the far right lane. When he saw orange traffic cones narrowing the three lanes into two and slowing traffic, he merged into the middle lane. Another vehicle almost struck him when merging, which prompted Campbell to enter the left lane. He agreed that traffic was congested. Campbell testified that he saw brake lights ahead of him and noticed two vehicles "barreling fast" behind him. Because he could not see around the van in front him, and because he was afraid of being struck, he pulled into the grassy median. He testified that the soft dirt slowed the motorcycle. At this point, he was traveling above forty miles per hour and was passing traffic stopped on the highway. He continued to slow down as other vehicles entered the median. He was approximately thirty feet from Morrison's truck when it entered the median. He testified that the truck entered at an angle, and he could not see the back of the truck. He was traveling under thirty miles per hour at the time of the collision.

Campbell denied using the median to travel as far as he could before reentering the highway. He acknowledged that, during his deposition, he answered "yes" when asked if he had intended to drive as far as he could before being stopped. At trial, he explained that he intended to drive in the median until he could safely reenter the highway because it was not safe to reenter as long as vehicles were stopped behind each other. He described his actions as justified by an emergency situation.

Campbell testified that he accepts some responsibility for the collision because, when on the road, a motorcyclist rides as though "everybody on the road is going to kill you." When he entered the median, however, he was unprepared because he believed he was safe. Had he continued being on guard, he would have braked as soon as he saw Morrison's truck and "hit the dirt" to avoid contacting the truck. Campbell also believed that Morrison was responsible because when a driver pulls off the road, as Morrison did, he should know everything going on around him and pull off safely. He classified himself as only ten to fifteen percent responsible.

Morrison, however, denied turning into Campbell's motorcycle or causing the collision. He agreed that a collision occurred, but he did not believe that he, as opposed to "previous actions," caused the collision to occur. He testified that the responding officer told him that Campbell was at fault. According to the police report, Campbell engaged in faulty evasive action and following too closely. The officer did not identify any contributing factors caused by Morrison.

The jury found that Campbell, but not Morrison, proximately caused the collision. The jury awarded zero in damages. This appeal followed.

## NEGLIGENCE

In his sole issue, Campbell challenges the factual sufficiency of the evidence to support the jury's finding that Morrison was not negligent. Campbell maintains that Morrison was negligent by following other vehicles too closely to stop, veering left without knowing why other vehicles were exiting the roadway or looking to ensure a clear path, and failing to stop on the road before entering the median. He contends that no emergency situation justified Morrison's actions.

### Analysis

We first consider Morrison's contention that we need not address Campbell's factual sufficiency complaint. According to Morrison, the jury's negligence finding is harmless because Campbell failed to challenge the jury's zero damages finding on appeal. We agree.

"An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment." *Oliphant Fin., L.L.C. v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.). When an independent ground fully supports the challenged judgment, but the "appellant assigns no error to that independent ground, we must accept the

3

validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Id*. at 424. Specifically, a zero damages finding is a separate and independent ground for affirming the judgment; thus, an unchallenged zero damages award renders any error in the jury's liability findings immaterial and harmless. *Magnolia Bend Volunteer Fire Dept., Inc. v. McDonnell*, No. 09-03-051-CV, 2003 WL 22922799, at *1 (Tex. App.—Beaumont Dec. 11, 2003, no pet.) (mem. op.); *Hernandez v. Garcia*, No. 04-02-00180-CV, 2003 WL 724182, at *1 (Tex. App.—San Antonio Mar. 5, 2003, no pet.) (mem. op.); *Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied).

In this case, the trial court's charge asked the jury what sum of money would fairly and reasonably compensate Campbell for his damages, if any, for the loss of use of his motorcycle. In response, the jury found zero in damages. Campbell has not challenged this finding on appeal. Accordingly, the unchallenged zero damages finding fully supports the trial court's take nothing judgment on Campbell's negligence claim, and any error in the jury's liability finding on the issue of negligence is harmless. *See Angiano*, 295 S.W.3d at 423-24; *see also Guy L.M. Floyd, F.P.C.S., Inc. v. Vipond*, No. 04-05-00559-CV, 2006 WL 1686537, at *1 n.1 (Tex. App.—San Antonio June 21, 2006, no pet.) (mem. op.) (declining to address challenge to breach of fiduciary duty finding when no damages were awarded for that claim); *McDonnell*, 2003 WL 22922799, at *1 (declining to consider whether evidence supported lack of breach of fiduciary duty finding when appellant had not challenged zero damages award); *Hernandez*, 2003 WL 724182, at *1 (holding that plaintiffs' failure to challenge zero damages finding waived other complaints on appeal). For this reason, we overrule Campbell's sole issue.[1]

---

[1] We also note that an appellate court may not pass on a witness's credibility or substitute its own judgment for that of the jury. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). From the evidence in this case, the jury could have found that Morrison was either negligent or not negligent. "Whether the plaintiff succeeds in proving negligence by a preponderance of the evidence is within the jury's province to determine." *Campbell v. Perez*, No. 12-14-00248-CV, 2015 WL 1020842, at *4 (Tex. App.—Fort Worth Mar. 5, 2015, no pet.) (mem. op.). The jury was faced with differing accounts of the collision and was entitled to determine which evidence to believe, which included resolving any conflicts against Campbell. *See Wilson*, 168 S.W.3d at 819. By its verdict, the jury apparently chose to believe evidence supporting a conclusion that Morrison was not the proximate cause of the collision. Such a finding was within the jury's province as factfinder, and is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See id*. at 826; *see also Campbell*, 2015 WL 1020842, at *4-5.

4

## DISPOSITION

Having overruled Campbell's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 12, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 12, 2017

### NO. 12-16-00210-CV

### JAMES CAMPBELL,
Appellant
V.
### JAMES BRADLEY MORRISON,
Appellee

Appeal from the 415th District Court

of Parker County, Texas (Tr.Ct.No. CV12-1207)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **JAMES CAMPBELL,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*