**AFFIRMED and Opinion Filed December 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00855-CV

**APEX FINANCIAL CORPORATION, Appellant**
**V.**
**LOAN CARE, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-05921**

# MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

Appellant Apex Financial Corporation sued appellee Loan Care for a declaratory judgment

that Apex was entitled to equitable subrogation, damages, and attorney's fees. After a bench trial,

the trial judge signed a take-nothing judgment against Apex. Apex appeals. We affirm.

## I. BACKGROUND

### A. Facts

We draw the following facts from the trial court's findings of fact and the trial evidence:

This litigation arises from a series of conveyances and foreclosures concerning a

condominium in Richardson, Texas.

In 1989, Jose and Juanita Rocha bought the condominium subject to a purchase-money

deed of trust in favor of lender Florida Federal Savings Bank. The deed of trust was conveyed

several times and was ultimately acquired by The Bank of New York Mellon Trust Company, N.A. ("the bank") in 2014.

Meanwhile, in 1995 the Rochas sold the condominium to Christina Rosales subject to a contract for deed.

In 1997, the condominium's condominium association foreclosed on the condominium for nonpayment of assessments, late charges, and collection costs. Apex bought the condominium at the foreclosure sale. Apex began making the payments on the original purchase-money loan, but it never extinguished that loan or its related deed of trust lien against the property.

In June 2011, the association recorded a notice of lien against the condominium, again for nonpayment of assessments, late charges, and collection costs.

Two months later, the association foreclosed on the condominium, and consequently Apex lost its interest in it. There is no indication in the record that Apex redeemed its interest.

The condominium's ownership changed hands a few times after that.

In October 2014, the bank foreclosed its purchase-money deed of trust. The foreclosure deed listed Loan Care as the mortgage servicer.

**B.      Procedural History**

In October 2015, Apex sued the bank and Loan Care alleging that (i) Apex attempted to pay off the outstanding purchase-money loan balance before the October 2014 foreclosure sale and (ii) the trustee refused Apex's tender of an amount exceeding the loan amount and proceeded to sell the condominium instead to the highest bidder. Apex sought a declaratory judgment that it was equitably subrogated to the bank's and Loan Care's rights due to its payments towards the purchase-money debt. Apex also requested damages of at least $30,000, punitive damages, and attorney's fees.

Loan Care answered, asserting a general denial and affirmative defenses including the statute of limitations and Apex's "voluntary Action." The record does not indicate that the bank ever answered.

There was a one-day bench trial of Apex's claims against Loan Care.

Several days later, the trial judge signed a take-nothing judgment in favor of Loan Care. The judge later signed an order severing Apex's claims against Loan Care from those against the bank, making the interlocutory judgment final. The judge also signed findings of fact and conclusions of law. The judge ruled that (i) Apex's claims were time-barred, (ii) Apex's payments were voluntary, and (iii) Apex had no equitable subrogation rights against Loan Care, though it might have such rights against the Rochas.

Apex timely appealed.

## II. ANALYSIS

Apex presents one "issue" on appeal, with three parts:

> The trial court erred in finding that (1) payments made by Appellant were voluntary; (2) that there was a statute of limitations applicable to the right of Appellant, standing in the shoes of the original borrowers, to extinguish the loan; and (3) that its status of non-owner of the property barred its right to extinguish the loan.

We overrule Apex's issue because Apex does not brief its challenge to Loan Care's limitations defense, which was one independent basis of the trial court's judgment.

An appellant must attack all independent bases or grounds that fully support a judgment. *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.). If the appellant fails to attack an independent ground, we must accept its validity, thus making any error in the other grounds supporting the judgment harmless. *See id.* at 424; *see also St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 312 (Tex. App.—Dallas 2018, pet. pending) (en banc).

Moreover, an appellant does not satisfy its obligations by merely asserting in an issue that a ground for the judgment is incorrect; the appellant must also support that issue with proper argument, authorities, and record references. *See* TEX. R. APP. P. 38.1(i); *see also Kasper v. Meadowwood Ranch Estates, Inc. Prop. Owners Ass'n*, No. 05-07-00982-CV, 2008 WL 3579379, at *2 (Tex. App.—Dallas Aug. 15, 2008, no pet.) (mem. op.) (affirming judgment because appellants inadequately briefed their challenge to one independent basis). We are not responsible for doing the legal research that might support a party's contentions, and a brief fails if it does not provide existing legal authority that can be applied to the facts of the case. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895, 896 (Tex. App.—Dallas 2010, no pet.).

Here, Apex has not adequately briefed its challenge to the trial court's limitations ruling. To begin, Apex's sole limitations record reference in its argument is a citation to the trial court's adverse conclusion of law on limitations. However, there are no record references supporting an argument that the conclusion was wrong.

Furthermore, it is undisputed that Apex's brief presents no substantive *argument* about limitations. Rather Apex's brief mentions limitations in its above quoted statement of the issue and later repeats that sentence verbatim in the summary of the argument and again in the argument itself. Finally, the brief's argument section makes one last mention of limitations as follows: "The Rochas certainly had that right to pay off their loan [ahead of any foreclosure sale], without being limited by any statute of limitations and Appellant, in their shoes, also had that same right." The sentence is unsupported by legal authority, record reference, or logical argumentation. The brief says nothing else about limitations.

To reverse the judgment, we would have to independently research from scratch the law of limitations as to equitable subrogation claims, including applicable accrual rules, and apply that law to the facts of this case, all without any assistance from Apex. This we cannot do without

–4–

interjecting ourselves in the case as appellant's advocate when appellant did not so act itself. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (per curiam) (appellate court erred by reversing judgment based on arguments appellant did not raise); *Liles v. Contreras*, 547 S.W.3d 280, 296 (Tex. App.—San Antonio 2018, pet. denied) (appellate court would become an advocate if it were "to construct an argument for appellant and engage in research to support the argument"); *Bolling*, 315 S.W.3d at 895 ("Were we to [search for authority to support a party's contentions], we would be abandoning our role as judges and become an advocate for that party."); *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.) ("The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal.").

Rule of appellate procedure 38.1(i) provides:

The brief must contain a clear and concise argument for contentions made, with appropriate citations to authorities and to the record.

According to rule 38.9(b),

If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court *may* postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

(emphasis added).

Furthermore, "an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing." *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Exercising this discretion, we have often ruled that inadequately briefed issues are waived. *See, e.g.*, *CreditOne, LLC v. Brown*, No. 05-07-01592-CV, 2009 WL 2462770, at *2 (Tex. App.—Dallas Aug. 13, 2009, no pet.) (mem. op.) (waiver ruling was case dispositive); *Herrell v. Allstate Ins. Co.*, No. 05-08-00442-CV, 2009 WL 1912687, at *2–3 (Tex. App.—Dallas July 6, 2009, no pet.) (mem. op.) (same); *Kasper*, 2008 WL 3579379, at *2 (same);

–5–

*see also Santiago v. Bank of N.Y. Mellon*, No. 05-17-00144-CV, 2017 WL 4946095, at *3–4 (Tex. App.—Dallas Nov. 1, 2017, no pet.) (mem. op.); *Small v. State*, No. 05-12-00083-CR, 2013 WL 1247055, at *1 (Tex. App.—Dallas Feb. 27, 2013, no pet.) (not designated for publication); *Staton Holdings, Inc. v. Tatum, L.L.C.*, 345 S.W.3d 729, 733 (Tex. App.—Dallas 2011, pet. denied); *In re Estate of Miller*, 243 S.W.3d 831, 840 (Tex. App.—Dallas 2008, no pet.); *Blanks v. Liberty Mut. Fire Ins. Co.*, 196 S.W.3d 451, 452–53 (Tex. App.—Dallas 2006, pet. denied); *McIntyre v. Wilson*, 50 S.W.3d 674, 681–82 (Tex. App.—Dallas 2001, pet. denied).

Equity abhors forfeitures, *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 429 (Tex. 2008), and so do we. But here Apex's brief shows that it is familiar with the appellate rules' briefing requirements—it adequately briefed all other arguments supporting its issue. Given that demonstrated understanding of the rules and ability to apply them when it believes it has reasonable arguments to assert, the lack of supporting argument and record references suggests that Apex does not believe it has a viable limitations argument to make. That is, if Apex had a reasonable limitations argument to make, it knew how to make it and would have done so.

Accordingly, we overrule Apex's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

Boatright, J., dissenting

170855F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

APEX FINANCIAL CORPORATION,
Appellant

No. 05-17-00855-CV     V.

LOAN CARE, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-05921.
Opinion delivered by Justice Whitehill.
Justices Stoddart and Boatright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Loan Care recover its costs of this appeal from appellant
Apex Financial Corporation.

Judgment entered December 20, 2018.