

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00064-CV

———————————————

KELLY THOMAS, Appellant

V.

CARL PUGLIESE; SETH JOHNS, CMO OF CARL'S HANDYMAN; AND
CULPEPPER PLUMBING & AIR CONDITIONING, INC., Appellees

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2016-01764

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

This is the fifth appeal filed by pro se litigant Kelly Thomas arising from her suit against Carl Pugliese, the owner of Carl's Handyman; Seth Johns, the alleged "CMO" of Carl's Handyman; and Culpepper Plumbing and Air Conditioning, Inc.[1] This time, Thomas appeals from the trial court's order dismissing all her claims with prejudice. We will affirm.

**Background**

In August 2016, Thomas, proceeding pro se, sued Pugliese and Johns (collectively, Carl's Handyman) and Culpepper Plumbing alleging that they performed defective plumbing work at her home.[2] Thomas later retained counsel, and in April 2017, counsel filed an amended petition on her behalf asserting claims for negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act. Shortly thereafter, Carl's Handyman moved to abate the case because Thomas had not given

---

[1]Thomas voluntarily dismissed one of her prior appeals. *Thomas v. Pugliese*, No. 02-17-00422-CV, 2017 WL 6759039, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op.). This court dismissed her other appeals for want of jurisdiction because they were based on unappealable interlocutory orders. *Thomas v. Pugliese*, No. 02-18-00026-CV, 2018 WL 771989, at *1 (Tex. App.—Fort Worth Feb. 8, 2018, pet. withdrawn) (mem. op.); *Thomas v. Pugliese*, No. 02-17-00423-CV, 2018 WL 547596, at *1–2 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op.); *Thomas v. Pugliese*, No. 02-17-00407-CV, 2017 WL 6616243, at *1 (Tex. App.—Fort Worth Dec. 21, 2017, no pet.) (mem. op.).

[2]Thomas filed at least two other suits related to the damages to her home. *See Thomas v. Standard Cas. Co.*, No. 02-17-00335-CV, 2017 WL 6376659 (Tex. App.—Fort Worth Dec. 14, 2017, pet. withdrawn) (mem. op.); *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.).

the written notice required by statute. *See* Tex. Bus. & Com. Code Ann. § 17.505. The trial court abated the case for 60 days.

During the abatement, Thomas fired her attorney. After the case was reinstated, Thomas's attorney moved to withdraw. The trial court granted the motion.

In October 2017, Culpepper Plumbing specially excepted to Thomas's amended petition. The following month, Carl's Handyman and Culpepper Plumbing moved for sanctions against Thomas, complaining that Thomas and her attorney had filed several documents while the case was abated and that throughout the litigation, Thomas had filed—and continued to file—numerous voluminous pleadings without any legal or factual basis.

The trial court heard the special exceptions and the sanctions motion on November 21, 2017. During the hearing, Carl's Handyman asked to join Culpepper Plumbing's special exceptions, and Thomas did not object. On November 28, 2017, the trial court sustained the special exceptions,[3] ordered Thomas to amend or replead the 31 paragraphs constituting the factual-background and causes-of-action sections of her petition within 30 days, and warned that if she failed to comply, the trial court would strike those paragraphs. The trial court also granted the sanctions motions and awarded Carl's Handyman and Culpepper Plumbing $2,000 each in monetary

---

[3]Carl's Handyman later moved for leave to file special exceptions identical to those filed by Culpepper Plumbing. The trial court granted the motion, stating that the special-exceptions order "relating to Plaintiff having to replead is confirmed as to [Carl's Handyman]."

sanctions, payable in $200 monthly payments due on the first day of the month. Similar to the special-exceptions order, the trial court warned Thomas that if she failed to make the payments, "either timely or in full," the trial court would strike her pleadings and dismiss her claims.

In December 2017, Thomas twice moved to recuse the trial-court judge. *See* Tex. R. Civ. P 18a(a), 18b(b). The trial-court judge referred each motion to the regional presiding judge. *See* Tex. R. Civ. P. 18a(f)(1)(B). The regional presiding judge considered the motions separately and denied Thomas's first motion on January 8, 2018, and her second motion on February 12, 2018. After the regional presiding judge denied her second recusal motion, Thomas requested findings of fact and conclusions of law. The regional presiding judge denied the request.

In the meantime, on January 12, 2018, Carl's Handyman and Culpepper Plumbing jointly moved to strike Thomas's pleadings and to dismiss her claims because she had failed to comply with the special-exceptions and sanctions orders. After a hearing, the trial court signed a final judgment on March 1, 2018, granting the dismissal motion and dismissing Thomas's claims with prejudice.

Thomas has appealed.[4]

---

[4]Before the trial court dismissed her claims, Thomas prematurely filed a notice of appeal stating that she was appealing the regional presiding judge's orders denying her recusal motions. *See* Tex. R. App. P. 27.1(a); Tex. R. Civ. P. 18a(j)(1)(A). After the trial court signed a final judgment dismissing her claims with prejudice, Thomas filed a notice of appeal stating that she was appealing from the judgment; we construed this notice as an amended notice of appeal. *See* Tex. R. App. P. 25.1(g), 27.1(a).

4

## Thomas's Issues and Appellate Arguments

We construe briefs liberally. *See* Tex. R. App. P. 38.9. But a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *Flores v. Office Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). On appeal, a pro se appellant must properly present her case. *Flores*, 2011 WL 2611140, at *2; *Strange*, 126 S.W.3d at 678. To do so, her brief must contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).

In her brief, Thomas lists four issues: (1) whether court officers are required to follow the Texas Rules of Civil Procedure, the Texas Civil Practice and Remedies Code, and the discovery rules, or can they treat them as "option[al] in dealing with an inexperienced citizen"; (2) whether the "universal guarantee of due process in the Fifth Amendment to the U.S. Constitution, recited: 'No person shall . . . be deprived of life, liberty, or property, without due process of law,'" applies to victims; (3) whether "[d]ue process is due"; and (4) whether Carl's Handyman and Culpepper Plumbing are required to provide Thomas "with relief in the form of monetary compensation for damages." *See* Tex. R. App. P. 38.1(f).

We have carefully reviewed Thomas's brief. At times, it is difficult to identify which argument corresponds to which issue. While "[w]e are mindful of the

5

difficulties that pro se litigants face," we cannot make Thomas's arguments for her. *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5593316, at * 3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.). And we have no duty to independently review the record and applicable law to determine whether the error complained of occurred. *Flores*, 2011 WL 2611140, at *2. Construing her brief liberally, as we must, we interpret her second and third issues as challenging the denials of her two recusal motions; the first as challenging the trial court's dismissal of her claims; and the fourth as arguing her case on the merits. We address each of these complaints in turn.

**Thomas's Recusal Motions**

In support of her second and third issues, Thomas argues that the regional presiding judge erred by denying her recusal motions. We review the denial of a recusal motion for an abuse of discretion. *See* Tex. R. Civ. P. 18a(j)(1)(A); *Lopez v. Tarrant Cty., Tex.*, No. 02-13-00194-CV, 2015 WL 5025233, at *4 (Tex. App.—Fort Worth Aug. 25, 2015, pet. denied) (mem. op.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

As noted, the trial court considered each recusal motion separately. On January 8, 2018, the regional presiding judge denied Thomas's first recusal motion without a hearing because the motion did not comply with rule 18a because it (1) did not assert a recusal ground listed in rule 18b, (2) was based solely on the judge's rulings, and

6

(3) did not "state with detail and particularity the facts" relied upon to justify recusal. *See* Tex. R. Civ. P. 18a(g)(3)(A) ("A motion to recuse that does not comply with [rule 18a] may be denied without an oral hearing."); *see also* Tex. R. Civ. P. 18a(a)(2)–(4), 18b(b). Thomas offers no argument or authorities challenging this order. *See* Tex. R. App. P. 38.1(i). She has thus waived the part of her first issue challenging the order denying her first recusal motion. *See id.*; *Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.) ("An inadequately briefed issue may be waived on appeal."). We therefore overrule this part of her second and third issues as inadequately briefed. *See Allegiance Hillview*, 347 S.W.3d at 873.

Regarding the February 12, 2018 order denying her second recusal motion, Thomas contends that the trial court erred by denying her recusal motion based on *Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147 (1994) and on the concurring opinion in *Rogers v. Bradley*, 909 S.W.2d 872, 878–84 (Tex. 1995) (Enoch, J., concurring). As pointed out in *Liteky*, a party seeking recusal must satisfy a "high threshold" before a judge must be recused. 510 U.S. at 558, 114 S. Ct. at 1158 (Kennedy, J., concurring). In determining whether recusal is proper, "the . . . inquiry is whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge and the case, would have a reasonable doubt that the judge is actually impartial." *Lopez*, 2015 WL 5025233, at *4 (quoting *Kniatt v. State*, 239 S.W.3d 910, 915 (Tex. App.—Waco 2007, order on reh'g)); *see*

*Rogers*, 909 S.W.2d at 880. Accordingly, the recusal determination "should be made based on a studied analysis of all the circumstances involved rather than a knee-jerk reaction to one fact in isolation." *Lopez*, 2015 WL 5025233, at *4. This determination employs a "reasonable-person test," *Kniatt*, 239 S.W.3d at 915, and courts evaluate the motion's merits from "a disinterested observer's point of view," *Rogers*, 909 S.W.2d at 882. "Accordingly, the need for recusal is triggered only when a judge displays an 'attitude or state of mind so resistant to fair and dispassionate inquiry' as to cause a reasonable member of the public to question the objective nature of the judge's rulings." *Lopez*, 2015 WL 5025233, at *4 (quoting *Liteky*, 510 U.S. at 557–58, 114 S. Ct. at 1158).

Courts enjoy a "presumption of judicial impartiality." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). The movant bears the burden of proving that recusal is warranted. *See id.* That burden is satisfied only when the movant provides facts demonstrating the presence of bias or partiality "of such a nature and extent as to deny the movant due process of law." *Ex parte Ellis*, 275 S.W.3d 109, 117 (Tex. App.—Austin 2008, no pet.) (quoting *Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 185 S.W.3d 555, 574 (Tex. App.—Austin 2006, pet. denied)). Conclusory statements, conjecture, or mere assertions of bias will not satisfy the movant's burden or overcome the presumption of impartiality. *See Rogers*, 909 S.W.2d at 881, 884.

Thomas moved to recuse the trial-court judge, arguing that (1) he lacked impartiality, (2) he was biased and prejudiced against Thomas, and (3) he had personal knowledge of material evidentiary facts related to the case. *See* Tex. R. Civ. P. 18b(b)(1)–(3). In support of these recusal grounds, Thomas listed a litany of complaints against the trial-court judge: he was biased and prejudiced against her because she was a pro se litigant; he ignored the civil-procedure rules; he violated the Code of Judicial Conduct; he treated her unfairly; he was biased in favor of the defendants; he threatened her with 180 days in jail for merely saying "I object";[5] and he "reached into other Courts to harm [her]" by making "untrue statements" to other trial-court judges.

Here, Thomas failed to provide facts demonstrating the presence of bias or partiality "of such a nature and extent as to deny [her] due process of law." *Ellis*, 275 S.W.3d at 117. Her arguments were limited to conclusory statements, conjecture, or mere assertions of bias, which are insufficient to satisfy her burden or to overcome the presumption of judicial impartiality. *See Rogers*, 909 S.W.2d at 881, 884. She complains of the trial court's rulings, but judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or partiality. *In re H.M.S.*, 349 S.W.3d

---

[5]Based on our own review of the record, we have found two instances in which the trial-court judge threatened to jail Thomas for contempt: (1) when she kept talking over the judge during a hearing on the trial-court clerk's objection to Thomas's affidavit of inability to pay costs and (2) when Thomas attempted to rehash the judge's prior rulings and continued to talk over him at a status hearing.

250, 253 (Tex. App.—Dallas 2011, pet. denied) (citing *Liteky*, 510 U.S. at 555, 114S. Ct. at 1157 (majority opinion)). And judicial remarks, even those that are critical or disapproving of, or even hostile to, parties or their cases, do not ordinarily support a bias or partiality challenge. *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.). Finally, Thomas failed to provide any explanation to support her contention that the trial-court judge had "personal knowledge of disputed evidentiary facts concerning the proceeding." Accordingly, we hold that the regional presiding judge did not abuse his discretion by denying Thomas's second recusal motion.

Thomas also complains that the regional presiding judge erred by refusing to make findings of fact and conclusions of law. A trial court is required to file findings and conclusions when properly requested only after signing a judgment in a case that has been tried to the court. *See* Tex. R. Civ. P. 296, 297. "The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court. In other cases[,] findings and conclusions are proper, but a party is not entitled to them." *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997). In such cases, findings are not required because they are often unnecessary, because requiring them in every case would unduly burden the trial courts, and because appellate courts are not obliged to give them the same level of deference. *Id.* Because he was not required to file findings and conclusions, the regional presiding judge did not err by refusing to do so.

We overrule the remainder of Thomas's second and third issues.

10

**Carl's Handyman and Culpepper Plumbing's Joint Dismissal Motion**

In support of her first issue, Thomas asserts that the trial court signed the dismissal order outside of its plenary power because when the trial court signed that order, she had already filed her notice of appeal in this case and had filed a petition for review with the Texas Supreme Court in one of her other appeals. *See Standard Cas. Co.*, 2017 WL 6376659, at *1–2. A trial court's plenary power does not expire until sometime after the trial court's signs a final judgment in the case. *See generally* Tex. R. Civ. P. 329b(d), (e). Because the dismissal order is the final judgment in this case, we overrule this part of her first issue.

Thomas next complains that the trial court erred by dismissing her claims for failing to amend her pleadings according to the special-exceptions order, contending that she complied with the order. As noted, Carl's Handyman and Culpepper Plumbing moved to dismiss Thomas's claims because she failed to comply with *both* the special-exceptions and sanctions orders. The trial court dismissed Thomas's claims without giving a reason for its ruling.

Generally, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.). If an independent ground would fully support the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged

independent ground, and any error in the grounds challenged on appeal is harmless. *Id.* at 424.

Here—even though we have liberally construed her argument—Thomas fails to attack the trial court's dismissing her claims for failure to comply with the sanctions order. Because she failed to attack this independent ground supporting the trial court's dismissal order, we must accept that ground's validity. *See id.*; *see also Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at *6 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.); *Lagaite v. Pittman*, No. 01-10-00554-CV, 2012 WL 1649850, at *5 (Tex. App.—Houston [1st Dist.] May 10, 2012, no pet.) (mem. op.). Thus, any error in the ground Thomas has challenged on appeal is harmless because the unchallenged independent ground fully supports the trial court's ruling. *See Oliphant Fin.*, 295 S.W.3d at 424; *see also Cooper*, 2016 WL 6093999, at *6; *Lagaite*, 2012 WL 1649850, at *5. Because Thomas did not attack all the independent grounds for the trial court's judgment, we must uphold it. *See Lagaite*, 2012 WL 1649850, at *5; *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 699 (Tex. App.—El Paso 2011, no pet.). We thus overrule the remainder of Thomas's first issue.

**Thomas's Merits-Based Arguments**

In her final issue, Thomas argues that she is entitled to a new trial based on her case's merits, specifically because the evidence proves that she was damaged by Carl's Handyman's and Culpepper Plumbing's "deliberate and malicious fraud." But because

we have overruled her first three issues, which are dispositive of her appeal, we do not address her arguments supporting her fourth issue. *See* Tex. R. App. P. 47.1.

## Conclusion

Having overruled Thomas's dispositive issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 11, 2019